## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

REGINALD ROMAINE,

      Plaintiff,

   v.

PORTFOLIO RECOVERY ASSOCIATES,
LLC, and BLITT & GAINES, P.C.,

      Defendants.

No. 16 CV 11192

Judge Manish S. Shah

## ORDER

Defendants' joint motion to dismiss, [15], is granted. The complaint is dismissed without prejudice for lack of subject-matter jurisdiction. Plaintiff has leave to file an amended complaint by July 5, 2017. If an amended complaint is not filed, final judgment will be entered.

## STATEMENT

Plaintiff, Reginald Romaine, brings this action against defendants, Portfolio Recovery Associates, LLC, and Blitt & Gaines, P.C., for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Defendants move to dismiss the complaint.

*Legal Standard*

A court must dismiss an action if it determines, at any time, that it lacks subject-matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and a defendant may move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction depends in part on Article III standing—the requirement that plaintiffs present an actual case or controversy. *See Silha v. ACT, Inc.*, 807 F.3d 169, 172–73 (7th Cir. 2015). The plaintiff bears the burden of proving that jurisdiction is proper, and must allege facts sufficient to plausibly suggest that subject-matter jurisdiction exists. *Id.* at 173–74. To prevail on a 12(b)(1) motion to dismiss, "a plaintiff need only show the existence of facts that could, consistent with the complaint's allegations, establish standing." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). When reviewing a 12(b)(1) motion, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to

determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (citation omitted).

When analyzing a motion to dismiss under Rule 12(b)(1), courts must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Silha*, 807 F.3d at 174 (a court should use *Twombly–Iqbal*'s[1] "plausibility" requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)). Legal conclusions and conclusory allegations do not receive that same treatment.

*Facts*

Romaine incurred a debt for a Synchrony Bank consumer credit account. [1] ¶ 14.[2] He was unable to pay the debt and eventually, he defaulted on the debt. *Id.* ¶ 15. PRA purchased the debt and assigned it to Blitt for collection. *Id.* ¶¶ 16–17. After filing a lawsuit against Romaine in the Circuit Court of Cook County, Blitt obtained a judgment against Romaine. *Id.* ¶ 18.[3] Blitt then sent Romaine a Wage Deduction Notice. *Id.* ¶ 19.

The notice stated that there was a "Judgment in the Amount of $1,088.12 Plus Costs," that the "Balance Due" was "$1,377.45," and that the "Summons Return Date" was "November 2, 2016." [1-1] at 9. The caption of the notice identified PRA as the "Judgment Creditor" and Romaine as the "Judgment Debtor." *Id.*

Romaine also says that PRA communicated credit information to Experian, a consumer reporting agency, which included an account number, an original creditor, and a balance due on the debt of $1,088 as of November 8, 2016. [1] ¶¶ 24, 25; [1-1] at 12. Romaine says he did not make any payments on the debt between the two relevant dates of defendants' communications, November 2, and November 8, 2016. [1] ¶ 26.

---

[1] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] Bracketed numbers refer to entries on the district court's docket.

[3] Romaine is a "consumer" under 15 U.S.C. § 1692a(3); PRA and Blitt are "debt collector[s]" under § 1692a(6); the debt Romaine incurred is a "debt" under § 1692a(5); and the notice Blitt sent to Romaine is a "communication" under § 1692a(2).

*Analysis*

Defendants argue that Romaine pled a statutory violation, but failed to allege any resulting harm sufficient to confer standing under Article III. In *Spokeo v. Robins*, the Supreme Court held: "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." 136 S. Ct. 1540, 1549 (2016), *as revised* (May 24, 2016). Statutory violations that are "divorced from any concrete harm" do not satisfy the injury-in-fact requirement of Article III; rather, Article III standing exists only when a plaintiff pleads a concrete injury in the context of a statutory violation. *Id.*; *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 912 (7th Cir. 2017) (a failure to comply with a statutory requirement can be substantive, yet not cause a concrete injury).

Romaine alleges that defendants made a false or misleading communication because the balance reflected on the wage deduction notice was different than the balance communicated to Experian. He alleges that both statements cannot be true, but the exhibits attached to the complaint make it clear that the balance reported in the wage deduction notice included the judgment amount plus costs, while the report to Experian excluded the costs. Romaine does not allege that the assessment of costs in the notice was false; therefore, based on the exhibits, the only inference favorable to Romaine that can be drawn is that the statement to Experian was false—it understated the total amount of the debt.

Congress can create intangible rights, like the right to be free from deceptive communications about debts, and a concrete injury can result from a violation of such rights. *Spokeo* did not overrule the courts of appeals decisions on that front. Ordinarily in an FDCPA case, an allegation that a defendant violated a plaintiff's right to be free from false or misleading communications about a debt would be sufficient to confer standing. I agree with Judge Feinerman that "being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm." *Haddad v. Midland Funding, LLC*, No. 16 C 3942, 2017 WL 1550187, at *3 (N.D. Ill. May 1, 2017).

This case is different. In light of the exhibits attached to the complaint, the allegations are not that the defendants lied to Romaine. There is no allegation that Romaine suffered any harm from the communication to Experian—notably, the complaint does not allege that Romaine was confused or that there was a risk that someone checking his credit history would take some adverse action against him

based on the false balance.[4] Actual confusion is not a requirement to state a claim under the FDCPA, *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004) (communications evaluated under objective, unsophisticated-consumer standard), but its absence is significant for standing purposes in this particular case. It makes this case more like *Meyers v. Nicolet Restaurant of De Pere, LLC*, where the plaintiff received a document that violated the Fair and Accurate Credit Transactions Act, but where standing did not exist to bring a claim. 843 F.3d 724, 727 (7th Cir. 2016). Without more, the substantive, statutory violation did not concretely harm the plaintiff. *Id.* So too here. Romaine was the object of an allegedly false communication to Experian, one that may have violated 15 U.S.C. § 1692e(8), but Romaine's complaint does not sufficiently describe an injury that presents a justiciable case or controversy.

Without standing, there is no jurisdiction, and without jurisdiction over the dispute, I do not reach the merits of whether the allegations state a claim under the FDCPA. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). The complaint is dismissed without prejudice for lack of subject-matter jurisdiction. *See Mains v. Citibank, N.A.*, 852 F.3d 669, 678 (7th Cir. 2017). Romaine has leave to file an amended complaint because "[d]istrict courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). If Romaine does not file an amended complaint by July 5, 2017, final judgment terminating the case for lack of subject-matter jurisdiction will be entered.

ENTER:

Date: June 12, 2017

Manish S. Shah
U.S. District Judge

---

[4] Romaine argues that consumers generally might be confused by different balance statements, and could be misled into paying their creditors less if they rely on the understated amount. He does not, however, allege that he suffered from that confusion or risk in this case. That makes his case more academic than concrete.

4